UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> IRONELLYS PAULINO-NOLASCO, <br><br> Defendant. | No. 21-CR-246 (RA) <br><br> ORDER |

RONNIE ABRAMS, United States District Judge:

On May 6, 2021, the Court held a hearing in connection with Defendant Ironellys Paulino-Nolasco's motion for release on bail, and alternatively for "temporary release" pursuant to 18 U.S.C. § 3142(i). *See* Dkt. 23. Ms. Paulino-Nolasco asks the Court to overturn the determination by the Honorable Laura T. Swain, who in her Part One capacity held a hearing and ordered Ms. Paulino-Nolasco detained on the grounds that no "condition or combination of conditions [existed] that could appropriately assure against flight and danger to the community." Dkt. 27-1 at 28. Judge Swain noted (1) the strength of the evidence of Ms. Paulino-Nolasco's involvement in the alleged narcotics conspiracy; (2) the fact that Ms. Paulino-Nolasco potentially has access to significant assets, given the large amount of cash recovered at the narcotics operation's stash house; (3) the fact of Ms. Paulino-Nolasco's frequent travel to, and ties with, the Dominican Republic; and (4) evidence of "ongoing efforts to conceal evidence or minimize evidence against defendants in this case." *Id*. at 27–29.

Having heard the parties' arguments at the bail hearing, and having considered the factors set out in 18 U.S.C. § 3142(g), the Court declines to disturb Judge Swain's reasonable conclusion. *See United States v. Petrov*, No. 15-CR-66-LTS, 2015 WL 11022886, at *3 (S.D.N.Y. Mar. 26, 2015), *aff'd*, 604 F. App'x 66 (2d Cir. 2015) (denying motion to reconsider a

previous bail decision where the "Defendant has not demonstrated that the court overlooked information or incorrectly applied the law, or that to allow the detention order to stand would constitute manifest injustice."). The Court has considered, among other mitigating factors, Ms. Paulino-Nolasco's lack of a previous criminal record, the offers of guarantees from her family and friends, and the possibility of releasing her to home confinement under monitoring. The Court nonetheless concludes that, based on the strength of the evidence of Ms. Paulino-Nolasco's involvement in the charged conspiracy, the apparent sophistication and scale of that operation and its international scope, the prospect of her access to significant cash, and her ties to the Dominican Republic, Ms. Paulino-Nolasco has not persuaded the Court to set aside Judge Swain's prior determination.

The Court similarly declines to grant temporary release pursuant to 18 U.S.C. § 3142(i), which is permissible when release would be "necessary for preparation of the person's defense or for another compelling reason." *See United States v. Chambers*, No. 20-CR-135 (JMF), 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) ("In considering whether there is a 'compelling reason' for a defendant's release under [§ 3142(i)] . . . a court must balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention."). Although the COVID-19 pandemic undoubtedly has made the reality of incarceration especially difficult, Ms. Paulino-Nolasco has not presented any evidence that she suffers from health conditions that would make her particularly vulnerable to COVID-related risks. It is also plainly relevant that Ms. Paulino-Nolasco declined to receive the vaccine that was offered to her. *See* Dkt. 27-2 at 2; *see United States v. King*, No. 16-CR-478-11 (CS), 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021). Under these circumstances, and in light of the Court's

above-stated reasons for maintaining Ms. Paulino-Nolasco's detention, the Court does not find that any "compelling reason" requires her release from detention.

For the foregoing reasons, Ms. Paulino-Nolasco's renewed bail application, *see* Dkt. 23, is denied.

SO ORDERED.

Dated: May 6, 2021
New York, New York

Ronnie Abrams
United States District Judge